**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Alan Howell, et al., | No. CV-04-2280-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| Sheila Sullivan Polk, et al., | |
| Defendants. | |

Plaintiffs claimed that defendants committed various constitutional torts with regard to the search of their home. We granted summary judgment for defendants on most claims, and a jury found for defendants on the remainder. We now have before us plaintiffs' motion for a new trial (doc. 202), defendants' responses (docs. 218, 219, 220), and plaintiffs' reply (doc. 222).

**I**

**A**

Plaintiffs claimed that the search of their home was unreasonable because defendants waited an insufficient period of time after knocking and announcing their presence before breaching their front security door. The jury concluded otherwise. Plaintiffs now contend that the clear weight of the evidence elicited at trial shows a five-second waiting period; that we concluded in our order of February 24, 2006 (doc. 135) that a wait of less than eight

1  seconds is constitutionally unreasonable; and that therefore the verdict is against the clear
2  weight of the evidence. We disagree.

3  First, plaintiffs misread our order. We concluded that viewing the evidence in the
4  light most favorable to plaintiffs–that defendants began the breach immediately upon
5  knocking and announcing their presence–that defendants acted unconstitutionally, and
6  viewing the evidence in the light most favorable to defendants–that defendants waited eight
7  seconds after knocking and announcing their presence before beginning to breach the
8  security door–that defendants acted constitutionally. We further concluded that there is a
9  disputed issue as to the length of the waiting period, and we formed no conclusions as to the
10 constitutionality of a waiting period greater than zero but less than eight seconds. Order of
11 February 24, 2006 at 14-21. We did not conclude that a five-second waiting period was
12 unreasonable as a matter of law.

13 Moreover, even if we had formed a conclusion as to the constitutionality of a five-
14 second waiting period under these circumstances, and yet denied the motions for summary
15 judgment, that conclusion would not have precluded a contradictory yet reasonable jury
16 verdict. The summary judgment mechanism allows a court to eliminate the need for a trial
17 where there are no disputed issues of material fact. However, the evidence submitted
18 pursuant to Rule 56(e), Fed. R. Civ. P., does not necessarily correlate with the evidence that
19 ultimately reaches the jury at trial. Accordingly, the court and the jury may reach two
20 rational, yet inconsistent, conclusions.

21 Finally, plaintiffs set forth no reason from which to conclude that a five-second wait
22 is unconstitutional. Plaintiffs cite no evidence and set forth no arguments based upon the
23 facts of the case. Plaintiffs base their conclusions upon their incorrect reading of our order,
24 and a state court decision which has no evidentiary or preclusive value. The Supreme Court
25 acknowledged just a few days ago that its "reasonable wait time" standard was "necessarily
26 vague." Hudson v. Michigan, 48 U.S.L.W. 4311, 4313 [U.S. Jun. 15, 2006]. For these
27 reasons, we reject plaintiffs' contention that the verdict is against the weight of the evidence.
28

- 2 -

**B**

Plaintiffs also seek a new trial on the ground that the jury instructions with regard to the reasonableness of the search are erroneous. To prevail, plaintiffs must show not only that the instructions are incorrect; they must also show that they were prejudiced by them, Fed. R. Civ. P. 61, and that they objected with particularity to them before the jury began deliberating, Juneau Square Corp. v. First Wis. Nat'l Bank, 624 F.2d 798, 810 (7th Cir. 1980); 12 James Wm. Moore et al., Moore's Federal Practice § 59.13[2][b][i][B].

The parties were given an opportunity to be heard with regard to the instructions. Plaintiffs objected that the reasonableness instructions did not inform the jury that a wait of less than eight seconds is unconstitutional, and a wait of more than eight seconds is constitutional. Trial Tr. Excerpt of April 25, 2006 at 5. Plaintiffs now contend that the instruction is erroneous because the question of the reasonableness of a search when an exigent circumstances defense is raised is a pure question of law. Plaintiffs waived their right to raise this objection because they failed to raise it before deliberation. Moreover, plaintiffs are incorrect; the question of the reasonableness of a search is in all circumstances a mixed question of fact and law. United States v. McConney, 728 F.2d 1195, 1205 (9th Cir. 1984) (en banc) (abrogated on other grounds).[1]

**C**

Plaintiffs also seek a new trial on the grounds that some evidence was improperly submitted to the jury and other evidence was improperly excluded from the jury. To prevail on these claims, plaintiffs must show error and prejudice.

**1**

Plaintiffs moved in limine to exclude evidence relating to a baggie that allegedly contained marijuana residue. We granted that motion out of concern that the evidence would

---

[1] Plaintiffs contend that McConney stands for the proposition that the reasonableness of a search in exigent circumstances is a pure question of law. To the contrary, McConney holds that the question is a mixed question of fact and law that is more similar to a question of law than to a question of fact. McConney, 728 F.2d at 1205.

- 3 -

1  be used to establish an improper post-hoc vindication of the search and because the evidence
2  had not been preserved. <u>Pretrial Conf. Tr.</u> at 10-11. Nonetheless, at trial, defense counsel
3  Crown distributed to the jury a nine-page packet of documents in which the marijuana
4  residue was referenced on page seven. Upon learning of this blunder, we thoroughly
5  admonished the jury not to consider the evidence, and explained that the evidence is
6  irrelevant to the claims and that defendants do not contend that the marijuana belonged to
7  plaintiffs. <u>Trial Tr. Excerpt of April 19, 2006</u> at 16-22. We denied plaintiffs' motion for a
8  mistrial without prejudice to its post-verdict renewal. <u>Id.</u> at 16. Subsequently, plaintiffs'
9  counsel also published evidence that referred to the baggie allegedly containing drug residue.
10 In this context, plaintiffs' counsel asserted that the previous admonishment "[took] care of
11 the problem." <u>Trial Tr. Excerpt of April 20, 2006</u> at 5. Nonetheless, we again admonished
12 the jury to disregard this evidence. <u>Trial Tr. Excerpt of April 25, 2006</u> at 3.

13 Plaintiffs contend that they were prejudiced by defendants' improper publication. We
14 disagree. We promptly and thoroughly instructed the jury to disregard the evidence and
15 "juries are presumed to heed cautionary instructions by the court." <u>United States v.</u>
16 <u>McCormac</u>, 309 F.3d 623, 626 (9th Cir. 2002). Moreover, any prejudice to plaintiffs is in
17 part attributable to their own disclosure of the evidence to the jury. Therefore, defendants'
18 improper disclosure was harmless error.

19                                         **2**

20 Defendant Johnson moved in limine to exclude evidence related to any damages that
21 arose after Robert Howell fired his gun. We granted the motion, concluding that the shooting
22 was a superseding cause that broke the chain of proximate causation. <u>Pretrial Conf. Tr.</u> at
23 5. Plaintiffs contend that we erred in that conclusion.

24 Plaintiffs' contention is moot because defendants prevailed on all claims at trial, and
25 therefore an alleged error with regard to damages evidence is not prejudicial. Moreover,
26 plaintiffs' contention is incorrect. Plaintiffs contend that defendants are liable for harms
27 arising out of Robert Howell's arrest because the unconstitutional search caused him to fire
28 his gun which led to his arrest. We concluded at the summary judgment stage that

1 defendants knocked and announced their presence before breaching the interior front door;
2 that there was no evidence to show that defendants knew or had reason to believe that their
3 announcements were incomprehensible; that therefore defendants did not provoke the
4 shooting; and that therefore defendants were not liable for the mere use of force and the
5 arrest. Order of February 24, 2006 at 24-25, 27-28. Put another way, the shooting was a
6 superseding cause that broke the chain of causation. Without any Erie doctrine analysis,
7 plaintiffs urge us to apply Arizona common law tort principles to the causation analysis,
8 which they contend yield an opposite result. However, plaintiffs' claims arise from the
9 United State Constitution, and therefore we accurately drew our conclusions with regard to
10 provocation and proximate cause from federal law. Id. (citing Billington v. Smith, 292 F.3d
11 1177 (9th Cir. 2002) and Alexander v. San Francisco, 29 F.3d 1355 (9th Cir. 1994)).

**D**

13 Plaintiffs also challenge conclusions that we reached in our order resolving the
14 motions for summary judgment. Although captioned as a motion for a new trial, this is an
15 untimely motion for reconsideration, see LRCiv 7.2(g), and is accordingly denied. Plaintiffs
16 attempt to circumvent the timeliness problem by contending that some evidence at trial was
17 unavailable when we considered the motions for summary judgment, and had we considered
18 that evidence, we would have reached different conclusions. But it was plaintiffs' burden to
19 timely bring that evidence to our attention. When a party moves for summary judgment, the
20 adverse party may not rest upon mere allegations, but must set forth specific facts showing
21 a genuine issue for trial. Fed. R. Civ. P. 56(e). A party may use discovery mechanisms to
22 obtain evidence, and to the extent evidence is unavailable, it may request that the court
23 accordingly deny the motion for summary judgment or grant a continuance. Fed. R. Civ. P.
24 56(f). Plaintiffs do not contend that they did either, or that they were prevented from doing
25 so by fraud, misrepresentation, or other misconduct by defendants. Therefore, we will not
26 now reconsider our order resolving the motions for summary judgment.

## II

Plaintiffs state that "[s]ince judgment as a matter of law must be granted Plaintiffs on liability on this claim, the only question for the jury upon new trial will be the amount of damages or nominal damages that should be awarded against each defendant." Motion for a New Trial at 4. Despite this clear language requesting judgment as a matter of law, plaintiffs clarify that they filed no such motion. Reply at 6. To be clear, we do not grant judgment as a matter of law for plaintiffs either because plaintiffs did not so move, or because they failed to timely move before submission of the case to the jury. See Fed. R. Civ. P. 50.

## III

For these reasons, **IT IS ORDERED DENYING** plaintiffs' motion for a new trial (doc. 202) and **DENYING** plaintiffs' motion for judgment as a matter of law (doc. 202).

DATED this 27th day of June, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge